UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ SEP 3 0 2011 ★

BROOKLYN OFFICE

AMTEC INTERNATIONAL OF NY CORP.,

**MEMORANDUM & ORDER**

Plaintiff,

10-CV-1147 (NGG) (SMG)

-against-

BEVERAGE ALLIANCE LLC,

Defendant.
-------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff AMTEC International of NY Corp. ("Amtec") brought this action against Defendant Beverage Alliance LLC ("BA"), alleging that BA breached statutory and contractual obligations to deal with Amtec as a beer wholesaler. (See Compl. (Docket Entry # 1).) On July 14, 2010, BA moved to dismiss on several grounds. (Docket Entry # 9.) By Order dated January 28, 2011, the court denied the motion to dismiss, except as it related to the court's subject matter jurisdiction over Amtec's Connecticut and New Jersey state-law claims.[1] (Order on Mot. to Dismiss (Docket Entry # 16).)

On February 11, 2011, BA filed a motion for reconsideration of the court's order denying its motion to dismiss. (Reconsideration Mot. (Docket Entry # 17); Reconsideration Mem. (Docket Entry # 18).) BA also seeks certification of the court's order for immediate interlocutory appeal. (Reconsideration Mem. at 2.) Amtec filed a response in opposition to BA's motion (Reconsideration Opp. (Docket Entry # 19)), and BA filed a reply (Reply Mem. (Docket Entry # 20)). For the following reasons, BA's motion is denied.

---

[1] The court ordered supplemental briefing on its subject matter jurisdiction over the Connecticut and New Jersey claims. (Order on Mot. to Dismiss at 11-14.) The parties have both provided such briefing. (Docket Entry ## 21, 22.) The court, however, will resolve this issue in a separate order and does not address it here.

1

## I. MOTION FOR RECONSIDERATION

Pursuant to Local Rule 6.3, a motion for reconsideration will generally be denied unless the moving party can establish: "(1) that the court overlooked controlling decisions or data [or] that there has been a change in decisions or data; (2) that there has been a change in controlling law; (3) that new evidence has become available; or (4) that reconsideration is necessary to correct a clear error or prevent manifest injustice." Hughes v. McWilliams, No. 04-CV-7030 (KMW), 2009 WL 2971757, at *1 (S.D.N.Y. Sept. 16, 2009) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). Courts narrowly construe and strictly apply this rule in order to avoid "repetitive arguments on issues that have already been considered fully by the court." Caleb & Co. v. E.I. Du Pont De Nemours & Co., 624 F. Supp. 747, 748 (S.D.N.Y. 1985).

Having reviewed BA's motion and the responsive submissions, the court finds that the demanding standard for reconsideration has not been met. BA makes two arguments, both of which largely rehash arguments previously made in its motion to dismiss. The court fully considered and rejected these arguments in its denial of that motion.

First, BA argues that the court erred in finding that Amtec, not Calsberg Okocim S.A. ("Okocim"), was the predecessor brewer in this case. BA incorrectly claims that the court overlooked "Amtec's admission that it was, in fact and in law, the 'brewer' in the brewer-wholesaler relationship with itself in New York." (Reconsideration Mem. at 2; see also Reply Mem. at 2 (restating this assertion and arguing that the court failed to consider Amtec's admission that it was "the *only* party that could be considered the brewer" (emphasis added).) Remarkably, BA further claims that the court "overlooked . . . [t]he federal and state legal scheme for distributing beer," including the requirements of New York Alcoholic Beverage

2

Control Law § 55(c). (Reply Mem. at 2.) Far from overlooking this statutory scheme or the parties' roles in it, the court undertook a detailed analysis of this very issue. (See Order on Mot. to Dismiss at 4-7.) In its motion for reconsideration, BA has failed to identify new or additional controlling decisions or data that impact the court's analysis, nor is has it identified any clear error or manifest injustice in the court's reasoning. The court will not countenance BA's attempt to use a motion for reconsideration as an opportunity to revive its losing arguments.

Additionally, BA argues that the court should reconsider its finding that BA is a successor to the Okocim. BA argues that "transactional privity" between BA and Okocim is not sufficient to make BA Okocim's successor within the meaning of § 55-c(2)(c) and that "there must be a qualifying transaction between predecessor and successor brewers in order for Section 55-c(2)(c) to apply." (Reconsideration Mem. at 4.) BA acknowledges, however, that "the type of transaction in question may be a fair ground for contention" and that "there is nothing in the record that would permit the Court to conduct a qualifying transaction analysis at this time." (Id. at 4-5.) In its reply brief, BA urges the court to look to the written agreement between Amtec and Okocim for additional information about the structure of these companies' relationship. (Reply Mem. at 4.) Again, the court's previous order fully considered and rejected BA's argument that it was not a successor to Okocim. (Order on Mot. to Dismiss at 9-11.) BA has presented nothing that indicates clear error or manifest injustice in the court's reasoning, nor has BA provided new or additional controlling legal authority in support of its position.[2] Furthermore, the court cannot properly weigh the written agreement between Amtec and Okocim on a motion to dismiss—or in its reconsideration of a motion to dismiss—as this document was

---

[2] BA analogizes to S.K.I. Beer Corp v. Baltika Brewery, 443 F. Supp. 2d 313 (E.D.N.Y. 2006), a case decided by Judge Glasser. Although the court has the greatest respect for Judge Glasser, his opinion is not—as BA urges—"controlling legal authority." (See Reply Reconsideration at 3, n.4.) Nor is the factual record in this case sufficiently complete so as to allow the court to assess relevant similarities or differences in the structure of the parties' agreement in that case and this one. As discussed *infra*, such a determination would be premature on a motion to dismiss.

3

not attached to the Complaint or incorporated into any of the parties' submissions in connection with the motion to dismiss. (See Order on Mot. to Dismiss at 3 n.2.) This written agreement may well be relevant in the court's analysis on summary judgment, should either party choose to file such a motion. BA's attempt to insert an issue of fact at this stage, however, is unavailing.

## II. MOTION FOR INTERLOCUTORY APPEAL

In the alternative, BA moves for certification of the court's order for immediate interlocutory appeal under 28 U.S.C. § 1292(b). (Reconsideration Mem. at 5-6.) A district court may certify a question for interlocutory appeal where (1) the court's decision "involves a controlling question of law," (2) "as to which there is a substantial ground for difference of opinion," and (3) "an immediate appeal may materially advance the ultimate determination of the litigation." 28 U.S.C. § 1292(b). As the Second Circuit Court of Appeals has "repeatedly cautioned, however, use of this certification procedure should be strictly limited because only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." In re Flor, 79 F.3d 281, 284 (2d Cir. 1996) (internal quotation marks omitted); Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996) (interlocutory appeal "is a rare exception to the final judgment rule that generally prohibits piecemeal appeals").

BA has failed to show that this issue presents the type of exceptional circumstances that would justify an immediate interlocutory appeal. Rather than "advanc[ing] the ultimate determination of the litigation," allowing BA to go forward with a piecemeal interlocutory appeal would run counter to interests of judicial efficiency and unduly delay the progress of this litigation. Therefore, BA's request that the court certify this issue for interlocutory appeal is denied.

## III. CONCLUSION

BA's motion for reconsideration of the court's order denying the motion to dismiss is DENIED, and the court will not certify this order for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The court will consider the parties' supplemental briefing on its subject matter jurisdiction over the Connecticut and New Jersey claims in a separate order.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2011

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge